# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

DIRK ARNAUTS,

    Plaintiff,

v.                                          Case No. 8:17-cv-2328-T-30JSS

RUDY ARNAUTS,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 5). The Court, having reviewed the motion, Defendant's notice of removal (Dkt. 1), and being otherwise advised in the premises, concludes that the motion should be granted because the removal was improper on its face. The Court also concludes that Plaintiff is entitled to a reasonable amount of attorney's fees associated with the motion to remand.[1]

## DISCUSSION

On October 4, 2017, Defendant Rudy Arnauts removed this action from the Sixth Judicial Circuit, in and for Pasco County, Florida to this Court. (Dkt. 1). The removal was premised on diversity jurisdiction. The notice of removal states that Defendant is a "resident of Pasco County, Florida." *Id.* at ¶2.

---

[1] Because the removal is deficient on its face, the Court need not wait for a response from Defendant because any response, at this point, would be futile.

On October 25, 2017, Plaintiff filed the instant motion to remand. Plaintiff states that, prior to filing the motion, Plaintiff's counsel informed Defendant's counsel in a letter dated October 2, 2017 (attached to Plaintiff's motion to remand at Dkt. 5-1) that the removal was "deficient" because, among other things, it violated the "forum defendant rule." Defendant's counsel did not respond to the letter.

It is bedrock law pursuant to the "forum defendant rule" that removal on the basis of diversity of citizenship is barred when any properly joined and served defendant is a citizen of the state in which the suit was filed. *See* 28 U.S.C. § 1441(b)(2)("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). This is so even if the general requirements for diversity jurisdiction are satisfied.[2] *See Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89-90 (2005) ("When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed.")). Accordingly, this action must be remanded to state court.

Plaintiff has requested attorney's fees and costs as a result of the improper removal. Because the removal was not objectively reasonable, the Court will grant Plaintiff's request

---

[2] Notably, the removal is also deficient because it contains no facts regarding the amount in controversy.

for attorney's fees pursuant to 28 U.S.C. § 1447(c). Plaintiff shall provide the Court within fourteen (14) days of this Order, a notice outlining the fees incurred associated with the removal. The parties shall attempt to work out this issue in good faith prior to the filing of the notice. If they are unable to agree on an appropriate amount of fees, Defendant may file a response to the notice indicating why the fees are unreasonable within seven (7) days of the filing of the notice.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Remand (Dkt. 13) is granted.

2. The Clerk of Court is directed to remand this action to the Sixth Judicial Circuit, in and for Pasco County, Florida, and provide that court with a certified copy of this Order.

3. The Clerk of Court is further directed to close this case.

4. Plaintiff may file a notice within fourteen (14) days of this Order outlining the attorney's fees and any costs associated with the improper removal. As stated above, if the parties are unable to resolve this matter, Defendant's response shall be filed within seven (7) days of the filing of Plaintiff's notice.

**DONE** and **ORDERED** in Tampa, Florida on October 26, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record